```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
INSURED ADVOCACY GROUP, LLC,                                     :
                                                                 :
                           Plaintiff,                            :
                                                                 :          23-cv-07212 (LJL)
            -v-                                                  :
                                                                 :          MEMORANDUM AND
SPARTAN SERVICES CORP. et al.,                                   :              ORDER
                                                                 :
                           Defendants.                           :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Insured Advocacy Group, LLC ("Plaintiff" or "IAG") moves for reconsideration of the Court's Opinion and Order dated July 16, 2024, which granted in part and denied in part Defendants' motion to dismiss.  Dkt. Nos. 37–39.  For the following reasons, the motion is granted in part and denied in part.

Plaintiff argues that the Court improperly dismissed Count VI of the Second Amended Complaint for Accounting.  Dkt. No. 39 at 1.  In its Opinion and Order, the Court dismissed Count VI on the basis that, under Texas law, a demand for accounting is only proper as a separate, equitable cause of action when the facts and accounts at issue are so complex that adequate relief cannot be obtained by law and the information cannot be obtained through normal discovery procedures, and Plaintiff had not pled such facts.  Dkt. No. 36 at 12–13.  The Court's Opinion and Order was premised on the understanding that Count VI was pled as a claim for accounting, rather than a claim for breach of contract.  *Id*.

In the motion for reconsideration, Plaintiff argues that despite the label of Count VI as a demand for accounting, Plaintiff alleges a claim for breach of contract.  Dkt. No. 39 at 3–4.  Plaintiff suggests that the Court "enter an order reinstating Count VI" or else "enter an order

deeming the Second Amended Complaint to be amended by interlineation by deeming the title of Count VI to be changed from 'Demand for Accounting (against Spartan)' to 'Breach of Agreement – Failure to Provide Accounting (against Spartan).'" Dkt. No. 39 at 5.

Count VI is pled as a request for relief rather than a claim for breach of contract. Plaintiff does not plead the elements of breach of contract in Count VI or even use the term breach of contract. Dkt. No. 28 ¶¶ 47–51. Counts I and II plead claims for "Breach of the Agreement." *Id.* at ECF pp. 4–5. By contrast, the header for Count VI reads "Demand for Accounting." *Id.* at ECF p. 9. Nonetheless, there is force to Plaintiff's suggestion that although labeled as a demand for accounting, the substance of the claim is one for breach of contract based on the accounting provision of the Agreement, for which Plaintiff seeks specific performance as a remedy. The facts set forth in that section of the Second Amended Complaint describe that pursuant to Article 2.4.1 of the Agreement at issue, Defendants were required to provide IAG with certain monthly reports, and Defendants failed to do so despite repeated requests from Plaintiff. *Id*. ¶¶ 48–49. Those facts sound in breach of contract.

The Court declines to rewrite Plaintiff's complaint for it. *Cf. Urtubia B.A. v. Victory Corp.*, 857 F. Supp. 2d 476, 481 (S.D.N.Y. 2012) (where plaintiff cited wrong regulatory provisions, claim dismissed without prejudice to repleading under proper provisions); *Weitzen v. Kearns*, 262 F. Supp. 931, 932 (S.D.N.Y. 1966) (plaintiff is sole author of his complaint and court would not rewrite it to include new causes of action); *Poslof v. Martel*, 2018 WL 3019916, at *3 (S.D. Cal. June 18, 2018) ("Generally, courts do not permit Plaintiffs to amend their complaints by interlineation, and instead require amendment so that a pleading is complete by itself.").[1] The

---

[1] The cases Plaintiff cites involve courts looking to the substance of the complaint for jurisdictional purposes or to determine whether a statute was applicable to that type of complaint. *See In re CIS Corp.*, 172 B.R. 748 at 756 (Bankr. S.D.N.Y. 1994); *Delo v. Paul Taylor Dane Foundation, Inc.*, 685 F. Supp. 3d 173, 181 (S.D.N.Y. 2023). Those cases do not involve courts rewriting a Plaintiff's complaint to assert new causes of action.

change Plaintiff wishes to make is more than a trivial, typographical error. *See, e.g.*, *Woodburn v. State of Florida Dep't of Child. and Family Servs.*, 854 F. Supp. 2d 1184, 1210 (S.D. Fla. 2011) (allowing amendment by interlineation in case of clerical error). And Plaintiff is not a *pro se* litigant such that the Court is obliged to construe its complaint more liberally or read additional causes of action into the complaint. *See, e.g.*, *Cagle v. Weill Cornell Med.*, 680 F. Supp. 3d 428, 434 (S.D.N.Y. 2023) (noting that courts construe *pro se* pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest) (internal citations omitted); *Abadi v. Am. Airlines*, 2024 WL 1346437, at *53 n.57 (S.D.N.Y. Mar. 29, 2024) (reading claim into complaint in keeping with obligation to construe *pro se* pleadings liberally).

However, the Court will allow Plaintiff to amend its complaint solely to plead the facts stated in Count VI as a cause of action for breach of contact based on the accounting provision. Such an amendment will not unduly burden or prejudice Defendants' case given the allegations underlying a new claim for breach of contract are the same set of facts Plaintiff has already pled and of which Defendants have fair notice. *See Kuczynski v. Ragen Corp.*, 732 F. Supp. 378, 381 (S.D.N.Y. 1989); *see also Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 407 (E.D.N.Y. 1995) ("While the plaintiff seeks to add additional causes of action, the operative facts remain the same."). Plaintiff is directed to file the amended complaint by August 27, 2024.

The Clerk of Court is respectfully directed to close Dkt. Nos. 37 and 39.

SO ORDERED.

Dated: August 20, 2024
      New York, New York

                                                 LEWIS J. LIMAN
                                            United States District Judge