UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

:

Insured Advocacy Group, LLC,                                           :

:

Plaintiff,                                  :

:                    23-cv-07212 (LJL)

-v-                                                  :

:                    OPINION AND ORDER

Spartan Services Corp.,                                                :

:

Defendant.                                 :

:

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/15/2024

LEWIS J. LIMAN, United States District Judge:

Defendant Spartan Services Corp. moves, pursuant to Federal Rule of Civil Procedure 53, for the appointment of a special master to resolve discovery disputes that arise during the course of discovery in this case.  Dkt. No. 54.  Defendant submits the deposition transcript of the September 30, 2024 deposition of Francesca D'Orso in support of that motion.  Dkt. No. 63-1. Defendant also moved to stay depositions pending the motion to appoint a special master.  Dkt. No. 57.  The Court denied that motion by text-only order of October 12, 2024, in which the Court also indicated that a Memorandum and Order would follow.  Dkt. No. 65.  This Memorandum and Order resolves Defendant's motion for a special master and, in doing so, also explains the Court's rationale for denying the motion for a stay.

Federal Rule of Civil Procedure 53(a)(1)(C) authorizes the Court to appoint a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."  Fed. R. Civ. P. 53(a)(1)(C); *see Seggos v. Datre*, 2017 WL 11681160, at *3 (E.D.N.Y. Dec. 19, 2017).  The rule cautions that, "[i]n appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay."  Fed. R. Civ. P. 53(a)(3).

"A pretrial master should be appointed only when the need is clear."  Fed. R. Civ. P. 53, Advisory Committee Notes to 2003 Amendment; *see Highlander Holdings, Inc. v. Fellner*, 2020 WL 3498174, at *9 (S.D. Cal. June 29, 2020).  "[M]asters are the exception, not the usual or common practice."  9C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2602.1 (3d ed. 2024).[1]

The Federal Rules of Civil Procedure and this Court's individual practices provide numerous mechanisms for a party to obtain relief when its adversary "impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(g)(2); *see also* Fed. R. Civ. P. 30(g)(3); Fed. R. Civ. P. 37; Individual Practices in Civil Cases § 4(B) (permitting letter motions for discovery disputes). The Court has reviewed the deposition transcript proffered by Defendant.  Defendant has not demonstrated that the issues arising in the deposition are so complex or so numerous that they are incapable of being addressed by the Court in the conventional manner.[2]

## CONCLUSION

The motion to appoint a special master is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 54.


SO ORDERED.

Dated: October 15, 2024
      New York, New York                    _____
                                                      LEWIS J. LIMAN
                                                United States District Judge

---

[1] One of the very cases cited by Defendant, *Mercer v. Gerry Baby Prods. Co.*, states that the use of a master for purposes of discovery management in that district "is an extraordinary event, occurring perhaps once in a decade." 160 F.R.D. 576, 579 (S.D. Iowa 1995).

[2] The Court expresses no judgment with respect to whether the conduct in the deposition was improper.