```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
INSURED ADVOCACY GROUP, LLC,                :
:
Plaintiff,           :
:      23-cv-07212 (LJL)
-v-                     :
:      MEMORANDUM &
SPARTAN SERVICES CORP.,                     :         ORDER
:
Defendant.          :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant Spartan Services Corp. ("Defendant") moves, pursuant to Federal Rules of Civil Procedure 26 and 37(a)(2) and Local Rule 37.2, for an order compelling Plaintiff Insured Advocacy Group, LLC ("Plaintiff") to produce documents responsive to Request No. 28 of Defendant's First Request for Production of Documents. Dkt. No. 84. The motion is denied.

The Court previously described the allegations in this case in its Opinion and Order of July 16, 2024, Dkt. No. 36, familiarity with which is presumed. As relevant here, Plaintiff and Defendant are parties to a First Party Claims Non-Recourse Sale and Assignment Agreement dated May 13, 2022 (the "Agreement") pursuant to which Plaintiff agreed to purchase from Defendant property damage services accounts that Defendant has with its customers. Dkt. No. 80 ¶ 8. Among other things, the Agreement provides that in the event Defendant is in breach of any representation or warranty relating to an account that Plaintiff purchased from Defendant, Plaintiff may require Defendant to either repurchase the defective account or to exchange the defective account with a replacement account. *Id.* ¶ 20. Plaintiff alleges that Defendant breached the Agreement by failing to either repurchase accounts that Plaintiff identified as defective or to swap them with replacement accounts. *Id.* ¶¶ 21–22.

Request No. 28 calls for production of Plaintiff's "underwriting policies in place at the time of execution of the subject agreements in this case." Dkt. No. 84-1 at ECF p. 9. Plaintiff has refused to produce documents responsive to the request on grounds that it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Dkt. No. 92.

The Federal Rules of Civil Procedure permit discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2023 WL 2871090, at *5 (S.D.N.Y. Apr. 10, 2023) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "To satisfy this standard, 'the moving party must articulate a concrete linkage between the discovery sought and the claims or defenses asserted in the case.'" *Ekstein v. Poito Assoc.*, 2022 WL 783000, at *3 (S.D.N.Y. Mar. 15, 2022) (cleaned up); *cf. Multi-State P'ship for Prevention, LLC v. Kennedy*, 2024 WL 3758802, at *7 (E.D.N.Y. Aug. 12, 2024) ("Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.") (cleaned up) (quoting Fed. R. Evid. 401). Courts routinely deny discovery requests where the discovery sought is not plausibly related to the claims or defenses asserted. *See, e.g.*, *Ruradan Corp. v. City of New York*, 2023 WL 112556, at *3 (S.D.N.Y. Jan. 5, 2023); *McGlade v. MMA Glob. Holdings, Corp.*, 2022 WL 17812662, at *3 (S.D.N.Y. Dec. 12, 2022).

Defendant argues that the underwriting guidelines are relevant to Plaintiff's choice to purchase and then request a buyback of the accounts and to the defense that Plaintiff generated

buyback excuses because it selected accounts that may no longer be profitable to Plaintiff.  Dkt. No. 84 at 2.  It argues that Plaintiff "cannot, on the one hand, claim a defective account should be bought back, and then, on the other hand, hide the very underwriting guidelines it uses when determining that [Plaintiff] looks for in choosing or not choosing an [a]ccount for purchase" and that if Plaintiff did not comply with its own underwriting guidelines then Defendant should not be liable for any damages suffered by Plaintiff from those accounts.  *Id.* at 3.

As Plaintiff points out, Defendant's argument is based on a non-sequitur.  Dkt. No. 92 at 2.  Plaintiff does not claim that the accounts were defective because they did not satisfy Defendant's underwriting policies.  *Id.*  It claims that the accounts were defective and were required to be repurchased or exchanged because Defendant was in breach of its representations and warranties.  *Id.*  In short, the reason why Plaintiff chose to purchase the accounts in the first place is not relevant; all that is relevant is whether the accounts were in breach of the representations and warranties.

The motion to compel is denied.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 84.

SO ORDERED.

Dated: November 19, 2024
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge