```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
INSURED ADVOCACY GROUP, LLC,                                     :
                                                                 :
                         Plaintiff,                              :
                                                                 :           23-cv-07212 (LJL)
           -v-                                                   :
                                                                 :           MEMORANDUM &
SPARTAN SERVICES CORP.,                                          :           ORDER
                                                                 :
                         Defendant.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/26/2024

LEWIS J. LIMAN, United States District Judge:

Defendant Spartan Services Corp. ("Spartan") and Pablo Camilo Garcia ("Garcia"), Gabriel Gil ("Gil"), and Francesca D'Orso ("D'Orso") (the "Non-Parties")[1] (collectively, the "Subjects") together move, pursuant to Federal Rules of Civil Procedure 26(c) and (45)(c)(3)(A) & (B), for a protective order or to quash the subpoenas duces tecum (the "Subpoenas") served by Plaintiff directed to Bank of America Corporation, JP Morgan Chase Bank, and TD Bank. Dkt. No. 93. For the reasons elaborated below, the motion is granted in part and denied in part.

## BACKGROUND

The Court previously described the allegations in this case in its Opinion and Order of July 16, 2024, Dkt. No. 36, familiarity with which is presumed. Plaintiff and Defendant are parties to a First Party Claims Non-Recourse Sale and Assignment Agreement dated May 13, 2022 (the "Agreement") pursuant to which Plaintiff agreed to purchase from Defendant property damage services accounts that Defendant has with its customers. Dkt. No. 80 ¶ 8.

---

[1] Garcia, Gil and D'Orso were originally named by Plaintiff as individual defendants but were dismissed by order dated July 16, 2024. Dkt. No. 36.

The Subpoenas call for any and all documents, including but not limited to bank statements, deposit slips, checks, cancelled checks, withdrawal slips, corporate or other resolutions and signature cards relating to any and all accounts in the name of the Subjects.  Dkt. No. 82–1.

The Subjects argue that the Subpoenas should be quashed because they call for confidential and personal banking information not relevant to any issues in the case.  Dkt. No. 93 at 1.  The Subjects contend that the request "constitutes nothing more than a fishing expedition intended to be utilized as a prejudgment examination of the Spartan's financial condition."  *Id.* at 3.  Plaintiff responds that it has alleged that Defendant received and deposited payments on accounts that belonged to Plaintiff and that the bank account information is relevant to determine the dollar amount of payments that Spartan received but failed to transmit to Plaintiff in violation of its contractual obligations.  Dkt. No. 96 at 2.  It further contends that the requested bank records are relevant to its contention that Spartan breached the exclusivity provision of the Agreement by selling accounts to other lenders or factor and that the bank account information for the three Non-Parties may lead to evidence of conversion by the Defendant.  *Id.* at 2.

## LEGAL STANDARD

Rule 45 allows a party to serve a subpoena for the production of documents and other information from a non-party.  *See* Fed. R. Civ. P. 45(a)(1). The subpoena recipient may move to quash the subpoena if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv); *Sadis & Goldberg, LLP v. Banerjee*, 2019 WL 13403291, at *1 (S.D.N.Y. Aug. 26, 2019).

2

A subpoena issued pursuant to Fed. R. Civ. P. 45 must meet Fed. R. Civ. P 26(b)(1)'s "overriding relevance requirement" and may be quashed by this Court for failure to do so. *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008), *aff'd*, 371 F. App'x 180 (2d Cir. 2010); *see Peddy v. L'Oreal USA Inc.*, 2019 WL 3926984, at *2 (S.D.N.Y. Aug. 20, 2019). "The party seeking discovery bears the initial burden of proving the discovery is relevant." *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019) (quoting *Citizens Union of City of N.Y.*, 269 F. Supp. 3d at 139).[2] "If the party issuing the subpoena establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden." *Id.* (citing *Griffith v. United States*, 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007)). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.* (quoting *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)). "The trial court has broad discretion to determine whether a

---

[2] Rule 26(c) authorizes the court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Rule 26(c) places the burden of persuasion on the party seeking the protective order." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). "To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection." *Id.* There is some tension in the relevant caselaw as to which party bears the burden of persuasion in this instance, between the movant's burden of demonstrating need for protection under Rule 26(c) and proponent's burden of demonstrating relevance under Rule 26(b)(1). The Court reconciles these tensions by finding that Plaintiff bears the burden of showing relevance for all discovery requests, while the Subjects here bear the burden of showing good cause. A finding of irrelevance obviates the need to show good cause, *i.e.*, "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "A subpoena that pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Loeb & Loeb*, 2019 WL 2428704, at *4 (quoting *Kirschner v. Klemons*, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005)).

subpoena imposes an undue burden." *Id.* (citing *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003)).

Although "any motion to quash or modify generally must be brought by the nonparty," a party has standing to move to quash or modify a subpoena issued pursuant to Fed. R. Civ. P. 45 if the party claims "a personal right or privilege regarding the production nor testimony sought" by the subpoena. 9 Moore's Federal Practice 45.50[3] (2020); *see also Dowling v. New York-Presbyterian/Weill Cornell Med. Ctr.*, 2020 WL 1243780, at *2 (S.D.N.Y. Mar. 16, 2020); *Hughes v. Twenty-First Century Fox, Inc.*, 327 FRD 55, 57 (S.D.N.Y. April 24, 2018) (listing examples of personal rights). Courts have recognized that parties with a privacy interest in subpoenaed documents, including financial records, have standing to oppose the subpoena. *Solow v. Conseco, Inc.*, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) (collecting cases); *Morelli v. Alters*, 2020 WL 6508858, at *5 (S.D.N.Y. Nov. 5, 2020) ("Because the subpoenas seek financial records that implicate [Plaintiff's] personal privacy interest, he has standing to challenge the non-party subpoenas."); *LG Cap. Funding, LLC v. Exeled Holdings Inc.*, 2023 WL 3993751, at *1 (S.D.N.Y. June 14, 2023) ("[C]orporations have a privacy interest in their bank records and financial records"). "In order for a party to have standing to challenge a subpoena served on a non-party, there must be more than 'a conclusory assertion that the subpoenas seek documents that are private, confidential, and commercially sensitive.'" *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (quoting *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)). "Courts should consider 'whether the information itself is private, confidential, privileged, or highly sensitive, and not the form the records take.'" *Id.* (quoting *Solow*, 2008 WL 190340, at *4)).

"[D]istrict courts across the country generally do not allow pre-judgment discovery regarding a defendant's financial condition or ability to satisfy a judgment . . . on the grounds that such discovery is not relevant to the parties' claims or defenses and is not reasonably calculated to lead to the discovery of admissible evidence." *SierraPine v. Refiner Prods. Mfg.*, 275 F.R.D. 604, 609 (E.D.Cal. 2011) (collecting cases); *Dickson v. Nat'l Maint. & Repair of Ky., Inc.*, 2011 WL 2610195, at *2 (W.D. Ky. July 1, 2011) ("the facts of this case are not so extraordinary as to warrant such discovery [into the defendant's assets]."). "Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." *Ranney-Brown Distributors, Inc. v. E. T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977).[3]

## DISCUSSION

The Subjects have properly alleged a privacy interest in the subpoenaed financial records sufficient to confer standing to challenge the subpoenas under Fed. R. Civ. P. 45(d)(3)(A). *See LG Cap. Funding*, 2023 WL 3993751, at *1.

The motion for a protective order is granted in part and denied in part. The motion is denied to the extent that Plaintiff seeks from JP Morgan Chase documents relating to the account in the name of Spartan that was established for the benefit of Plaintiff and that served as a sweep account. Plaintiff has established the relevance of such documents, and their production would not create "annoyance, embarrassment, oppression, or undue burden or expense" sufficient to

---

[3] Such discovery is obtainable after judgment. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014) ("[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts.").

5

outweigh the general imperative for fulsome discovery in federal court. *See In re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 134 (S.D.N.Y. 2016) ("[S]ensitive financial information is generally discoverable in federal court."). The Purchase Addendum to the Agreement required Spartan to open the account in its name but for the benefit of Plaintiff and to be controlled and managed by Plaintiff. Dkt. No. 89–2 at ECF p. 17 ¶ 7.

The motion is granted with respect to the requests for information pertaining to other bank accounts of Spartan or the bank accounts of the Non-Parties. Discovery under Rule 26 is permitted of matters relevant to a claim or defense that is properly pleaded. *Morelli*, 2020 WL 6508858, at *4. A party cannot ordinarily use Rule 34 or Rule 45 to hunt for evidence to support a claim it has not been able to plead. Plaintiff originally pleaded a claim against the Non-Parties for conversion. Dkt. No. 28 ¶¶ 34–37. The Court dismissed that claim as well as all of the other claims against the Non-Parties on the grounds that the Second Amended Complaint did not allege facts to support that any of them took actions outside the scope of their duties for Spartan. Dkt. No. 36 at 14. Accordingly, those claims are no longer in the case and not the proper subject of discovery.

As to the remainder of Plaintiff's arguments—that account information about all of the accounts of Spartan and the Non-Parties might yield evidence to show that Spartan received payments and kept funds on accounts that belonged to Plaintiff—Plaintiff fails to show that the requests at this point and as framed are anything other than a fishing expedition, disproportionate to the needs of the case. Plaintiff knows the accounts it has purchased. It can inquire of the insurance companies related to the accounts and determine what was sent and not remitted. Dkt. No. 93 at 3. It can also take the deposition of a corporate representative of Spartan and obtain from that representative information regarding the funds that were transmitted but not remitted.

Dkt. No. 98 at 2.  Plaintiff has offered nothing other than speculation that a request for all of the banking information of Spartan, its Chief Executive Officer, and its shareholders would yield evidence of a payment with respect to one of the accounts that Plaintiff should not be able to readily obtain more precisely through one of these other means.  "[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34."  *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020) (quoting *Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007)); *see also* 8B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2204 (3d ed. 2002) ("Ordinarily, it is thought preferable that documents should be sought from a party using Rule 34 rather than from a nonparty.").

    The Clerk of Court is respectfully directed to close the motion at Dkt. No. 93.

SO ORDERED.

Dated: November 26, 2024
       New York, New York

                                      LEWIS J. LIMAN
                                      United States District Judge