```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
INSURED ADVOCACY GROUP, LLC,                                     :
                                                                 :
                         Plaintiff,                              :
                                                                 :     23-cv-07212 (LJL)
         -v-                                                     :
                                                                 :     MEMORANDUM &
SPARTAN SERVICES CORP.,                                          :     ORDER
                                                                 :
                         Defendant.                              :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Insured Advocacy Group, LLC ("IAG") moves to strike the demand for a jury trial set forth in the answer of Defendant Spartan Services Corp. ("Spartan") to the Third Amended Complaint. Dkt. No. 50. Defendant opposes the motion. Dkt. No. 56.

## BACKGROUND

Familiarity with the factual allegations and procedural history of this case is presumed. Spartan is a Florida corporation which provides property damage services to customers in consideration for, in part, the customer's execution of an assignment of benefits or a letter of protection for claims that the customer might have against an insurer or other responsible party for the costs incurred by the customer in connection with the applicable property damage. Dkt. No. 28 ¶ 9. Spartan and IAG are parties to a First Party Claims Non-Recourse Sale and Assignment Agreement with Spartan, dated May 13, 2022 (the "Agreement") pursuant to which Plaintiff agreed to purchase from Defendant property damage services accounts that Defendant has with its customers. Dkt. No. 28 ¶ 12; Dkt. No. 28–1 ¶ 2.1.

On August 15, 2023, IAG filed its complaint against Spartan, Spartan's President, Francesca D'Orso, and its two shareholders, Gabriel Gil and Pablo Camilo Gracia (collectively, the "Individual Defendants"), alleging claims for breach of contract against Spartan and for conversion and violation of

the Texas Theft Liability Act against Spartan and the Individual Defendants. Dkt. No. 28 ¶¶ 21–42. On October 24, 2023, IAG filed an amended complaint. Dkt. No. 15. On December 22, 2023, IAG filed a Second Amended Complaint ("SAC"). Dkt. No. 28.

By opinion and order of July 16, 2024, the Court granted in part and denied in part the motion of Spartan and the Individual Defendants to dismiss the SAC. Dkt. No. 36. The Court sustained IAG's claims for breach of contract and conversion against Spartan but dismissed IAG's claims for violation of the Texas Theft Liability Act and all claims against the Individual Defendants. *Id*. IAG moved for reconsideration and, by Memorandum and Order dated August 20, 2024, the Court permitted IAG to plead a claim for breach of contract based on the accounting provision of the Agreement. Dkt. No. 40. On August 27, 2023, IAG filed its third amended complaint ("TAC"). Dkt. No. 41.[1]

IAG did not make a jury demand in any of its pleadings. On September 17, 2024, Spartan answered the TAC. Dkt. No. 48. In its Answer, Spartan made a jury demand.

On September 20, 2024, IAG made this motion to strike Spartan's demand for a jury trial, which was accompanied by a memorandum of law in support of the motion. Dkt. Nos. 50–51. Spartan filed a response in opposition to the motion on October 8, 2024. Dkt. No. 56. On November 15, 2024, the Court permitted the parties to file supplemental briefing on the motion. Dkt. No. 88. The parties made those submissions on November 22, 2024. Dkt. Nos. 99, 100.[2]

## DISCUSSION

Under Federal Rule of Civil Procedure 39(a)(2), a jury demand may be stricken if "the court, on motion or on its own, finds that on some or all of th[e] issues there is no federal right to a jury trial."

---

[1] IAG filed a Supplemental Complaint on October 31, 2024, Dkt. No. 80, and Spartan answered that pleading on November 13, 2024, Dkt. No. 83.

[2] On November 13, 2024, Spartan filed a letter asking the Court to amend the case management plan to reflect its jury demand. Dkt. No. 85. IAG filed a letter opposing that relief on November 14, 2024. Dkt. No. 87. This Memorandum and Order also addresses the relief requested in Spartan's November 13, 2024 letter.

Fed. R. Civ. P. 39(a)(2). The federal right to a jury trial is provided by the Seventh Amendment. U.S. Const. amend. VII. Under Federal Rule of Civil Procedure 38, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." Fed. R. Civ. P. 38. "When asserted in federal court, the right to a jury trial is governed by federal law." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007); *see Mazzocchi v. Windsor Owners Corp.*, 2022 WL 16840273, at *1 (S.D.N.Y. Oct. 5, 2022); *Trez Capital (Florida) Corp. v. Noroton Heights & Co., LLC*, 2022 WL 2437905, at *2 (S.D.N.Y. July 5, 2022). "It is elementary that the Seventh Amendment right to a jury is fundamental and that its protection can only be relinquished knowingly and intentionally." *Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977).

IAG bases its motion on a jury trial waiver in the Agreement (the "Jury Trial Waiver"). The Jury Trial Waiver appears in Article 9.1.4 of the Agreement. The paragraph is entitled "Waiver of Right to Jury Trial." It is the only paragraph containing all capitalized words. It provides as follows:

> EACH PARTY TO THIS AGREEMENT HEREBY EXRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ("CLAIM") ARISING UNDER OR RELATED TO THIS AGREEMENT OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH AND WHETHER ANY SUCH CLAIM IS NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

Dkt. No. 1–1 ¶ 9.1.4.

"The parties to a contract may, by prior written agreement entered into knowingly and voluntarily, waive the right to a jury trial." *Morgan Guar. Trust Co. v. Crane*, 36 F. Supp. 2d 602, 603 (S.D.N.Y. 1999). "[T]he party seeking to enforce the jury waiver clause bears the burden of showing that the waiver was knowing and voluntary." *Stephens Inc. v. Flexiti Fin. Inc.*, 2019 WL 2725627, at *8 (S.D.N.Y. July 1, 2019) (alteration in original) (quoting *Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 327 F. Supp. 3d 673, 685 (S.D.N.Y. 2018)). "In determining whether to enforce a waiver

3

clause by striking a jury demand, courts consider two inquiries: first whether the clause is enforceable—i.e., 'whether waiver is knowing and voluntary'—and second, 'whether the claims in the action fall within the scope of the jury waiver clause.'" *Stephens Inc.*, 2019 WL 2725627, at *8 (quoting *Kortright*, 327 F. Supp. 3d at 685–86).

"The factors a court must consider in determining whether a contractual waiver of a right to a jury trial was entered into knowingly and voluntarily include: '1) the negotiability of the contract terms and negotiations between the parties concerning the waiver provision; 2) the conspicuousness of the waiver provision in the contract; 3) the relative bargaining power of the parties; and 4) the business acumen of the party opposing the waiver.'" *Essilor Int'l SAS v. J.P. Morgan Chase Bank, N.A.*, 2024 WL 4434947, at *1–2 (S.D.N.Y. Oct. 4, 2024) (quoting *Morgan Guar. Trust Co.*, 36 F. Supp. 2d at 604). "When the criteria outlined above have been met, the waiver has been deemed enforceable." *Id.* (internal citations and quotations omitted).[3]

IAG has satisfied its burden to show that Spartan's waiver of the jury trial right was knowing and voluntary. The first factor, negotiability, is deemed satisfied when the party opposing waiver had the opportunity to review and revise the contract prior to execution. *Wechsler v. Hunt Health Sys., Ltd.*, 2003 WL 21878815 at *3 (S.D.N.Y. Aug. 8, 2003); *see Essilor*, 2024 WL 4434947, at *2. Spartan argues that the Agreement was not negotiated or reviewed by Spartan's counsel and that it was electronically signed by D'Orso, who testified that she did not know what was contained in the entirety of the document. Dkt. No. 99 at 4. There is evidence that the Agreement was IAG's standard form. Dkt. No. 99–2 at 48. However, an agreement need not have been actually negotiated for it to have been

---

[3] In addition, under Texas law, a jury trial waiver is enforceable so long as the waiver was "voluntary, knowing, and intelligent," and made "with full awareness of the legal consequences." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 133 (Tex. 2004); *see Main St. Bank v. Carlyle Van Lines, Inc.*, 2009 WL 10672242, at *1 (W.D. Mo. Sept. 16, 2009).

4

voluntarily and knowingly agreed. *See Morgan Guar. Trust Co.*, 36 F. Supp. 2d at 604. There is evidence that D'Orso had the benefit of advisors in signing the agreement. Dkt. No. 99–1 at 72–73, 78. The Agreement itself reflects that "the agents of all Parties have participated in the preparation hereof and all parties have sought the advice of a legal counsel before signing this Agreement." Dkt. No. 1–1 ¶ 9.17. The first factor is satisfied.[4]

To determine whether a jury trial waiver is conspicuous, "courts have looked at the placement of the waiver within the contract, as well as the font size and style of the waiver." *American Equities Grp., Inc. v. Ahava Dairy Prods. Corp.*, 2007 WL 4563487, at *3 (S.D.N.Y. Dec. 18, 2007). The placement of a jury trial waiver in its "own subsection in all-capital letters and in the same size as the language in the agreements . . . suggests that the parties' jury trial waiver was knowing and voluntary." *Kortright,* 327 F. Supp. 3d at 685; *see Essilor*, 2024 WL 4434947, at *2 (placement of jury trial waiver in its own subsection and in "same font and style" as other provisions of contract suggests that waiver was knowing and voluntary); *Rekor Sys., Inc. v. Loughlin*, 2022 WL 3138942, at *5 (S.D.N.Y. Aug. 5, 2022) (same). This Jury Trial Waiver was not "buried in the middle of a lengthy paragraph," *RDO Financial Services Co. v. Powell*, 191 F. Supp.2d 811, 814 (N.D. Tex. 2002), nor "so embedded and hidden in a text that it should not be enforced," *Wechsler*, 2003 WL 21878815, at *5. Rather, the waiver is set off in its own subsection, which is headed and underlined "Waiver of Right to Jury Trial," Dkt. No 1–1 ¶ 9.1.4, and "is the only contract provision written in all capital letters," *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2022 WL 1515120, at *2 (S.D.N.Y. May 13, 2022); *cf. RDO Financial*, 191 F. Supp.2d at 814 (declining to find waiver where the waiver provision was "not set off from the rest of the text through differential bold, larger print, italics, or any other form of emphasis or distinction"). Those

---

[4] The deposition testimony does not support Spartan's assertion that the Agreement was presented on a "take it or leave it" basis. Dkt. No. 99-2 at 48.

facts further support the conclusion that the waiver was knowing and voluntary. *See Morgan Guar. Trust Co.*, 36 F. Supp.2d at 604 (waiver enforceable where it was "written in all capital letters in the sole paragraph on the signature page itself").

There is also not such a "gross inequality in bargaining power" to suggest that the waiver was neither knowing nor voluntary. *National Equipment Rental, Ltd v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977); *see also Leasing Service Corp. v. Crane*, 804 F.2d 828, 833 (4th Cir. 1986). While the Agreement provided that Spartan would sell what were, in substance, its receivables for funding, there is no evidence that Spartan had no choice "but to accept the . . . contract as written." *National Equipment Rental*, 565 F.2d at 258. This case is far afield from those cited by Spartan that involve contracts between a cruise passenger and a cruise line, where there was a clear disparity of bargaining power. *See McDonough v. Celebrity Cruises, Inc.*, 2000 WL 341115 (S.D.N.Y. Mar. 30, 2000); *Sullivan v. Ajax Navigation Corp.*, 881 F. Supp. 906 (S.D.N.Y. 1995). While there may be some disparity in bargaining power between IAG and Spartan, it is not so great as to vitiate the Jury Trial Waiver.

Finally, the business acumen of Spartan, as the party opposing the waiver, does not undermine the enforceability of the Jury Trial Waiver. Spartan argues that the signatory to the agreement, D'Orso, is a non-native English speaker who had no experience in remediation and repairs and did not read 100% of the Agreement. Dkt. No. 99 at 2–3. However, D'Orso does not dispute that she reads and understands English. Dkt. No. 99–1 at p. 24. She testified that she had the advice of her husband at whose request she opened the business and who had more knowledge than she "as to this type of business." *Id*. at 25–26, *see also id*. at 39. She also could not recall that there were any provisions of the Agreement that she did not understand when she signed it. *Id*. at 80. She has signed more than twenty agreements on behalf of Spartan, all of which were in English. *Id*. at 76–77. If there were agreements that D'Orso did not read or understand in their entirety, she testified that she would seek an

explanation of the purpose and content of the documents from her husband or other Spartan employees before signing. *Id*. at 77–79. Indeed, one of the agreements, which was signed just after this Agreement, also contained a jury trial waiver. *See* Dkt. No. 100–1 at 9.

Spartan does not dispute that this action falls within the express scope of the Jury Trial Waiver. The Court finds that this action does fall within the scope of the Waiver, as Plaintiff's claims are "ARISING UNDER OR RELATED TO THIS AGREEMENT."

## CONCLUSION

IAG's motion to strike the jury demand is GRANTED. Accordingly, the Court strikes the jury demand contained in Spartan's Answer to the Third Amended Complaint at Dkt. No. 48. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 50.

SO ORDERED.

Dated: November 26, 2024
New York, New York

LEWIS J. LIMAN
United States District Judge